# Coker *v.* State.

## *Murder.*

[DECIDED APRIL 3, 1906, 40 So. REP. 516.]

1. *Indictment and Information; Records; Grand Jury Venire; Time.*
   The indictment was returned at a regular term of the court, but the original Grand Jury Venire that returned the indictment was not set out in the record, nor was the organization of the grand jury shown; An adjourned term was ordered during this regular term and at the adjourned term, on motion of the solicitor, the records and minutes were amended so as to set out the original grand jury venire and so as to show the organization of the grand jury; Held, properly made, and motion to quash the indictment because of failure of minutes to show these things properly denied.

2. *Criminal Law; Estoppel to Allege Error.*—Where a juror was instructed by the court to stand aside because of a discrepancy in his name and the name drawn from the hat, to which action of the court the defendant objected and excepted, whereupon the court recalled the juror and qualified him, and the state challenged him; Held, Defendant had nothing of which to complain.

[Coker v. State.]

3  *Jury; Competency of Juror.*—It is proper for the court to set
     aside a juror drawn to try a capital case who states, upon ex·
     amination, that he would not hang a man on circumstantial ev-
     idence.

4.  *Witnesses; Impeachment; Predicate; Proof of Inconsistent State-
     ments.*—Proof of contradictory statements are inadmissible
     to impeach a witness in the absence of a proper predicate.

APPEAL from Monroe Circuit Court.

Heard before Hon. J. T. LACKLAND.

The defendant was convicted of murder in the first de·
gree and sentenced to the penitentiary for the term of
his natural life.   Just prior to arraignment, and when
called upon for his plea the defendant moved the court
to quash the indictment for that the minutes of the court
did not show an organization of the grand jury which re-
turned the bill.   The motion was overruled.   It appears
that the April term of the court, at which time the in-
dictment was returned, was adjourned by order of the
court to the following July.   At the adjourned term in
July the court ordered the clerk to incorporate in the
minutes of that term the organization of the grand jury
which was done before the final adjournment of the court.

D. M. Harrison was drawn on the special venire to try
this case and when called, M. D. Harrison, answered and
came forward.   The court instructed him to stand aside,
and the defendant objected and excepted, and the court,
at the instance of defendant's attorney, recalled the ju-
ror and swore him and put him upon the state.   The so-
licitor peremptorily challenged him.   A juror, in answer
to the preliminary questions, stated that he would not
hang a man on circumstantial evidence.   The court in-
structed him to stand aside.

Isaac Mosely being introduced as a witness by the
State was asked by the defendant on cross examination
if the Justice of the Peace who was holding the inquest
did not tell witness that witness was the one in trouble.
The solicitor objected to the question and the court sus-
tained the objection .   It was shown that Ike Mosely said
on the night of the day of which the killing occurred that
Mosely's back was turned and he was drinking some wine
and did not see the shooting and did not hear any talking

between deceased and defendant at the time of the shooting and that he told the coroner's jury that the shooting was an accident. The defendant then offered to prove by the same witness that after the holding of the coroner's jury, Ike Mosley made the same statements. The solicitor objected to this because no predicate had been laid as to any conversation or statement made after the coroner's inquest was over, and the court sustained the objection.

J. N. MILLER and BARNETT & BUGG, for appellant.— The original grand jury venire in a capital case is a part of the organization of the court, and the minutes of the court should show who were drawn and summoned to serve as grand jurors.—Setting out the names of the grand jury as organized, is insufficient. The court erred in sustaining the objection of the solicitor to the question propounded by the defendant to the witness Mosely, "If the Justice of the Peace who was holding the inquest, did not tell him that he (witness) was the one in trouble. The court should have permitted the defendant to make proof of his witness Brown, that after the coroner's inquest, the State's witness, Mosely, stated that the witness's back was turned at the time of the shooting, and that he was drinking wine and did not see how the shooting occurred, and did not hear any talk between deceased and defendant at the time of the shooting and that the shooting was an accident.

MASSEY WILSON, Atty. Gen., for the State.—The grounds alleged in the motion to quash the indictment were not good for that purpose, and the objection to the indictment is within the curative influence of Section 5269 of the Code.—*Dunn v. State,* 39 So. 147. It was competent and proper for the court, on motion of the solicitor, to order the minute entry amended *nunc pro tunc,* so as to show the appointment of a foreman of the grand jury, and to have incorporated therein, the original grand jury venire.—*Ware v. Kent,* 123 Ala. 427. If there was error in the action of the court relative to the juror Harrison, the defendant having occasioned it by his own act, cannot be heard to complain. The court properly

excused the juror, *ex mero motu,* who said he would not convict on circumstantial evidence.—*Scott v. State,* 133 Ala. 112.

The court properly sustained the solicitor's objection to the question propounded to the witness, Mosely.— *Bowen v. State,* 140 Ala. 65. The court properly refused to allow the testimony of the witness Brown as to what Mosely said after the coroner's inquest, as no predicate had been laid.—*Floyd v. State,* 82 Ala. 16; *Powell v. State,* 19 Ala. 577.

ANDERSON, J.—The motion of the defendant to quash the indictment in this case, "because the original grand jury venire was not set out in the minutes of the court," was properly overruled. The indictment was returned at the spring term, and it does not appear that the venire was then incorporated in the minutes of the court. The record shows that there was no adjournment of said spring term *sine die,* but that an order was made, in pursuance of section 917 of the Code of 1896, adjourning the court until July 17th. It further appears that before said adjourned, or July, term was ended the original grand jury venire became a part of the minutes of the court. The adjourned term was but a continuation or prolongation of the regular tetrm.—*Whatley v. State,* (Ala.) 39 South, 1014; *Van Dyke v. State,* 22 Ala. 57; *Hundley v. Yonge,* 69 Ala. 89. Courts have control of their records, and the right to make them conform to the truth, and the power remains until the term has been brought to a final close.—*Keith v. State,* 91 Ala. 2, 8 South, 353, 10 L. R. A. 430; *Carwile v. State,* (Ala.) 39 South, 1024.

The defendant cannot complain of the action of the court in recalling Juror Harrison. He was recalled at the instance of defendant's counsel, and was challenged by the State.

There was no error in the action of the court in excusing the juror who would not "hang a man on circumstantial evidence."—*Griffin v. State,* 90 Ala. 8 South. 670; Code, 1896, § 5091.

There was no error in sustaining the objection of the State to the question to witness Mosely as to what the

justice had told him.

No predicate was laid for the impeachment of Mosely as to what he said after the coroner's inquest, and the objection to the question as to what Mosely said after the inquest was properly sustained.

The judgment of the circuit court is affirmed.

Affirmed.

WEAKLEY, C. J. and TYSON and SIMPSON, JJ., concur.