# Snyder *v.* The State.

## *Murder.*

[DECIDED APRIL 28, 1906, 40 So. REP. 978.]

1. *Indictment; Records; Original Grand Jury Venire; Minutes: Amendment.*—When the minutes of the organization of the court at which the indictment was preferred did not set out the original grand jury venire, nor disclose that a foreman was appointed, at an adjourned term of the court, the min utes were amended on motion of the solicitor, so as to set out the venire and show the appointment of a foreman, this cured any defect in the minutes of the organization of the grand jury, and motion to quash on those grounds was prop· erly overruled.

2. *Witnesses; Cross Examination; Credibility.*—A witness testified on this trial that he saw the shooting, and admitted having testified on the preliminary trial that he did not see the shoot- ing, and was permitted to explain the discrepancy. The de- fendant sought to ask him if he had not been arrested and put in jail charged with the killing, but the court refused to permit the question. Held, error.

3. *Same; Credibility; Instructions.*—It was not error to refuse to charge that proof of contradictory statements or declarations made by a witness on a material point may be sufficient to raise in the minds of the jury a reasonable doubt as to the truth of his testimony. (Overruling *Gregg v. State*, 106 Ala. 44, and *Williams v. State*, 114 Ala. 19, and qualifying *Wash- ington v. State*, 58 Ala. 355.)

4. *Homicide; Self Defense; Instructions.*—A charge asserting that if defendant shot deceased under a bona fide belief that his life was in danger, and he had, under all the circumstances, reasonable cause to believe that he was in imminent danger at the moment he fired the fatal shot, it would be immaterial whether there was actual danger or not, is correct, and its refusal error.

5. *Criminal Law; Instructions; Charge Covered by General Charge.* The fact that a special charge requested in writing is covered by a paragraph of the court's general charge, does not author- ize the court in refusing to give it, if it is otherwise correct.

[Snyder v. The State.]

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

The defendant was indicted and tried for murder of Peter Brown by shooting h'm with a gun or pistol. This indictment was found at the spring term, 1905, of the circuit court, and the minutes at that term failed to set out the original grand jury venire. Motion was made to quash the indictment on that ground. They offered in support of the motion the minutes of the court. At an adjourned term of the court the solicitor moved the court to amend the record so as to show the organization of the grand jury at the spring term of the court, which motion was granted. The witness Monroe Dortch. stated on his cross-examination that at the preliminary trial he testified that he did not see the shooting, and on this trial he testified that he did see it. The solicitor was then permitted to ask him for an explanation of his contradictory statement, and he was permitted to answer that he was influenced by the uncle and father of the defendant not to tell anything about the killing. All this was over the objection and exception of the defendant. The defendant then offered to ask the witness if, immediately after the preliminary trial before the committing magistrate, witness was not arrested and committed to jail, charged with the killing of Peter Brown. The state objected, and the court sustained the objection.

The defendant requested the following written charges, which were refused: Charge 1: "The court charges the jury that proof of a contradictory statement or declaration on a material point made by a witness may be sufficient to raise a reasonable doubt in the minds of the jury as to the truth of the testimony of the witness." Charge 3: "The court charges the jury that if the defendant shot under a bona fide belief that his life was in danger, and had under all the circumstances a reasonable cause to believe that he was in imminent danger at the moment the shot was fired, it would be immaterial whether there was such actual danger or not." The court refused these charges, as is stated in the bill of exceptions, because they were fully covered by the oral charge of the court to the jury.

[Snyder v. The State.]

BARNETT & BUGG, and BAYLES & HYBART, for appellant.—The motion to quash the venire should have been granted. The court has no authority to direct the sheriff to summons talismen to complete the jury until the venire is exhausted. 43 Ala. 283;1 Mayfield, p. 529, § 240. The list of special jurors served on defendant showed the name of J. W. Deer, but his name was not drawn out of the hat nor was he called to serve although he was in the court room all the while the jury was being selected.

The court erred in excluding the testimony and sustaining objection to the question propounded by defendant to witness Dortch, seeking to show that he was first arrested and committed to jail on the charge then being investigated.

The court should have given charge 3. It has been approved in the case of *Kennedy v. State*, 140 Ala. 1.

Charge 1 should have been given.—*Gregg v. State*, 106 Ala. 44; *Washington v. State*, 58 Ala. 355.

A charge may not be refused because it has been given in the general written charge of the court. It must be given if it assert a correct proposition of law, not covered by other requested charges given.—*Orr v. State*, 117 Ala. 69; *Miller v. Hampton*, 37 Ala. 342; 11 Am. & En. Ency. Law (1st Ed.) 262.

MASSEY WILSON, Attorney-General for the State. One of the grounds of the motion was that the minutes of the court did not show the organization of the court This question was presented and decided adversely to the defendant in the case of *Coker v. State*, 144 Ala. 38, 40 South. 516.

The court committed no error in ordering talesmen. The defendant was in no position to complain of the action as it was practically induced by a refusal of the defendant to furnish the court the information necessary to act otherwise.—*Jackson v. State*, 97 Ala. 65; *Sims v. State*, 139 Ala. 74, 78; *Allen v. State*, 134 Ala. 159; *Stone v. State*, 137 Ala. 1, 7. The court committed no error with reference to its action on the testimony of Dortch.—*Williams v. State*, 123 Ala. 39; *Eatman*

*v. State,* 139 Ala. 67, 73.　See also *Thornton v. State,* 113 Ala. 43 and *Evans v. State,* 120 Ala. 269, 272.

Charge 1 is substantially the same as charge 13, held properly refused in *Brown v. State,* 142 Ala. 289, overruling cases cited by appellant.

ANDERSON, J.—The trial court did not err in overruling the motion to quash the indictment. This identical question was considered in the case of *Coker v. State,* 144 Ala. 28, 40 South. 516.

The trial court should have permitted the defendant to prove that the witness Dortch had been arrested and put in jail after the preliminary trial upon a charge of killing the deceased. The witness admitted having said at the preliminary trial that he did not see the shooting yet testified that he did on the trial, and the state was permitted to draw from him an explanation, and the defendant was entitled to show his arrest and imprisonment, which was a circumstance to be considered by the jury as affecting the credibility of the witness.

Charge 1, requested by the defendant, was bad, and was properly refused. It has previously been held good in the cases of *Gregg v. State,* 106 Ala. 44, 17 South. 321, and *Williams v. State,* 114 Ala. 19, 21 South. 993; but said cases have been overruled by the case of *Brown v. State,* 142 Ala. 289, 38 South. 268, which said last case we hold is the authority upon this question, and which said authority also explains and qualifies the case of *Washington v. State,* 58 Ala. 355.

The trial court erred in refusing charge 3 requested by the defendant. The identical charge has been held to be good in the case of *Kennedy v. State,* 140 Ala. 1, 37 South. 90, and was not abstract, as there was evidence in the case at bar tending to show that the defendant was in imminent peril when he shot. The bill of exceptions recites: "The charges 1 and 3 were fully embraced in the oral charge of the court to the jury and covered by the same." This fact cannot prevent a reversal upon this point, as the statute permits the parties to ask special written charges, which must be given, if correct; but this court has held that the trial court will not be

[Austin v. The State.]

reversed for refusing charges, even when correct, when mere repetitions of special charges previously given, but this rule does not prevail because the charge was embraced in or covered by the general charge of the court, either orally or in writing.—*Orr v. State*, 117 Ala. 69, 23 South. 696.

As this case must be reversed, we need not consider the ruling of the trial court with reference to the failure to place the name of juror Deer in the hat, etc., as proper care and prudence on the part of the court officials should prevent another omission of the name of a juror from the hat. .

There is no merit in the other objections to the ruling of the trial court on the evidence.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

HARALSON, DOWDELL and DENSON, JJ., concur.