2 So.2d 423

## WILLIAMS v. STATE.

### 2 Div. 169.

Supreme Court of Alabama.

April 17, 1941.

Rehearing Denied June 5, 1941.

E. F. Hildreth, of Eutaw, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

THOMAS, Justice.

The appeal is from a conviction and judgment of defendant for murder in the first degree.

The evidence for the state tended to show an unprovoked homicide and that for the defendant tended to show that the defendant acted in self-defense. A jury question was thus presented. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

In Ex parte Grimmett, 228 Ala. 1, 152 So. 263, it is said: "The general rule, to which there are some exceptions, is that, on the trial of the issue in civil cases, the parties enter upon the trial, unaided by any presumptions, with the burden on the party asserting the affirmative of the issue, but in criminal prosecutions, where the plea of not guilty is interposed, the defendant goes to trial attended by the presumption of innocence, which, under the uniform holdings of this court, is·a matter of evidence which attends him through the trial."

See, also, Inge v. State, 235 Ala. 280, 178 So. 454.

The record is in the required form and presents nothing for review. Code, § 3249, Code 1940, Tit. 15, § 380; Scott v. State, 228 Ala. 509, 154 So. 113.

The verdict was sufficient and duly fixed the penalty at death in the electric chair. Gast v. State, 232 Ala. 307, 167 So. 554; Hull v. State, 232 Ala. 281, 167 So. 553.

It has long been the accepted rule in this jurisdiction that the court had the right to reject for cause ex mero motu the juror who on his qualification stated

that he would not convict on circumstantial evidence. Code, §§ 8612, 8613, Code 1940, Tit. 30, §§ 57, 4; Coker v. State, 144 Ala. 28, 40 So. 516; Griffin v. State, 90 Ala. 596, 8 So. 670; Garrett v. State, 76 Ala. 18, 20; State v. Marshall, 8 Ala. 302.

The question of variance between the allegations and the proof is ruled against the appellant over his insistence that error intervened. See Robert Jones v. State, ante, p. 337, 2 So.2d 422; McCoy v. State, 232 Ala. 104, 166 So. 769.

We find no reversible error in the record, and the judgment of the circuit court is affirmed.

The judgment of the circuit court being suspended pending defendant's appeal, and the time set for the execution of the law upon defendant under the judgment of his conviction and the imposition of the death penalty having passed, it is ordered in this case that the 13th day of June, 1941, be and it is set for the execution of such sentence, and that the date is fixed by this court as herein indicated.

Affirmed.

Date of execution set for the 13th day of June, 1941.

All the Justices concur, except KNIGHT, J., not sitting.