After a motion to suppress was denied, appellant pleaded guilty to personal possession of 1.2 milligrams of cocaine. He was sentenced to ten years in the state penitentiary and his request for probation was denied.
The appellant argues that the trial court erred in not requiring the State to disclose the identity of its confidential informant and in not requiring the State to prove reliability of the informant. Probable cause for the search and for the arrest of the appellant before the warrant arrives does not exist if the State's informant is not reliable. "As a general rule, the prosecution in a criminal case has the privilege to withhold the identity of informants. Roviaro v.United States, 353 U.S. 53, 77 S.Ct. 623 [1 L.Ed.2d 639] (1958)." Pugh v. State, 493 So.2d 388 (Ala.Cr.App. 1985),affirmed, 493 So.2d 393 (Ala. 1986). This case is similar toPugh, where ". . . disclosure of the informant was sought on the issue of whether there was probable cause for the arrest and search of the defendant *Page 838 
rather than on the question of the defendant's guilt or innocence."
 "In such a case, disclosure turns on whether the informant's information forms the sole basis for the probable cause.
 `"Specific rules are applicable where disclosure of the identity of an informer is sought by the defense in connection with an issue as to the legality of an arrest and search made without warrant in a situation in which the prosecution attempts to show `probable cause' or `reasonable grounds' justifying the arrest and search and relies, at least to some extent, upon communications of an informer. Apart from a few cases which apparently hold that in this situation the privilege of nondisclosure is absolute and other cases which hold that the decision is within the discretion of the trial court, the generally adopted rule seems to be that disclosure is required unless there was sufficient evidence apart from the informer's communication to establish the validity of the arrest and search.' 76 A.L.R.2d at 270; 33 P.O.F 2d at 572-75." Pugh, supra.
"`[D]isclosure of the identity of an informant cannot be required, where the legality (probable or reasonable cause; consent) is established by evidence apart from the informer's communication.' 76 A.L.R.2d at 331." Pugh, supra.
While the record indicates that some investigation had been going on for approximately a month and a half, the record is devoid of any evidence supporting a finding of probable cause for the search warrant, excepting the informant's tip. In addition, the trial court exempted the State from the reliability requirement in order to prevent disclosure of the informant's identity. Thus, there was no real showing that the informant who provided the information was a reliable source.
Because there was no additional support for the informant's tip nor a showing of reliability, this case must be reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.