555 So.2d 257 (1989)
Joe Louis HARRELL
v.
STATE.
1 Div. 779.
Court of Criminal Appeals of Alabama.
March 31, 1989.
Rehearing Granted May 12, 1989.
Rehearing Denied June 16, 1989.
*258 Barbara A. Brown, Mobile, for appellant.
Don Siegelman, Atty. Gen., and Joseph G.L. Marston III, Asst. Atty. Gen., for appellee.
BOWEN, Judge.
Joe Louis Harrell was convicted for the unlawful possession of cocaine in violation of Ala.Code 1975, § 13A-12-212, and sentenced to 30 years' imprisonment. He was also convicted of possession of marijuana in the second degree in violation of Ala.Code 1975, § 13A-12-214, and sentenced to six months' imprisonment. Harrell raises six issues on this appeal from those convictions.

I
The defendant argues that the prosecutor used five of its peremptory challenges in a racially discriminatory manner in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609 (Ala.1987). We find that this matter has not been preserved for review.
The record shows that, after the jury had been selected, the following occurred:
"MR. DEEN [Defense Counsel]: If we could approach before you swear'em in.
"THE COURT: Sure.
"(A sidebar conference was had, off the record.)
"(A sidebar conference was had, on the record.)
"THE COURT: Okay. Well just let the record reflect that Mr. Deen wants to make a Batson objection and we'll take it up at the next recess.
"MR. DEEN: Okay. Just let the record reflect that before the jury was empanelled I objected.
"THE COURT: Members of the jury, would you please stand and take the oath.
"(The jurors were sworn.)."
After two witnesses for the prosecution had testified, the trial judge declared a recess. After the trial judge discussed the matter of a motion to suppress with defense counsel, the following occurred:

*259 "THE COURT: The other thing, you had a Batson motion. You want to state it to the Reporter? State your position.
"MR. DEEN: Yes, sir. You want me to go ahead and do it now?
"THE COURT: Go ahead and do it now and she can read ...
"(The Judge exits the courtroom.)
"MR. DEEN: The Defendant objects to the empanelling of this jury. My objection was reserved prior to the jury being sworn in and this is my opportunity to state the grounds."
Defense counsel then stated the grounds of his objection, after which the prosecutor responded by giving the reasons why she struck the five black venire persons. After the prosecutor's comments appears the following: "(Lunch recess.)" When the trial resumed there was no mention of the Batson issue. In fact, our review of the record discloses no additional reference to this matter. There is no indication in the record that the trial judge ever ruled on this objection.
"An adverse ruling is a preliminary requirement to preservation of error and appellate review.... Absent an adverse ruling the issue of the objection is not properly before this court." Van Antwerp v. State, 358 So.2d 782, 790 (Ala.Cr.App.), cert. denied, Ex parte Van Antwerp, 358 So.2d 791 (Ala.1978). "A party cannot claim error where no adverse ruling is made against him." Holloway v. Robertson, 500 So.2d 1056, 1059 (Ala.1986). An adverse ruling by the trial judge is a prerequisite for preserving the alleged error for appellate review. Borden v. State, 523 So.2d 508, 511 (Ala.Cr.App.1987). There is no contention that the trial judge refused to consider or rule on the objection.
It is a fundamental principle of appellate review that the reviewing court is bound by the record. "The appellant has the duty of checking his record before submitting his appeal ...; it is his burden to file a correct record." Tyus v. State, 347 So.2d 1377, 1380 (Ala.Cr.App.), cert. denied, Ex parte Tyus, 347 So.2d 1384 (Ala.1977).
The record on appeal does not contain the voir dire of the jury venire. That record does not disclose the racial composition of either the venire or the trial jury. The record does show that the trial judge did not hear or rule on the grounds of the defendant's Batson objection.
Although we strongly disapprove of the handling of the Batson objection in this case, the record contains no objection to the procedure followed in the trial court.
Under these circumstances, the record before this Court does not permit a finding of error.

II
The defendant argues that his conviction for possession cannot stand because the contraband was not abandoned property and because the seizure of that property was the result of a prior illegal search.
On January 2, 1988, Mobile Police Officer Ronald Burch went to a "skinhouse" in Mobile. His informant had told him that the defendant "was holding some rocks," and was "up inside the skinhouse." Officer Burch testified that his purpose in going to the house "was going in and finding out if he had contraband;" "I went up inside the skinhouse to check and see if the narcotics were there like I was advised they were."
There were 15 or 20 people inside the house drinking, gambling, and playing cards. Officer Burch saw the defendant and Theresa Williamson sitting at the end of a table. He observed the defendant's hand "go up under the table." The officer then ordered everyone "to get up side the wall" for his protection "so [he] could look up under the table." He looked under the table where the defendant had been sitting and "picked up some objects [`some narcotics'] off the floor." The officer asked "if anybody knew who it belonged to" but received no response. Officer Burch made no arrests and left the premises. However, he testified that he decided "to remain in the area because ... the information I received, I felt like it was good information so I was going to remain in the area to see if I could make an arrest later."
*260 The "skinhouse" was a residential-type of house although no one lived there. It was rented by a man named Cornelius Senior.
Officer Burch "circled the block a couple of times" and "more or less hung around in the area." A short time after he left the house, Officer Burch observed the defendant standing at the passenger's side of a car with the door open. The defendant looked at Officer Burch, turned, and "hollered something." The defendant got inside the car. As the car was being driven away, Officer Burch observed the passenger door open and saw the defendant "throw some articles to the ground." These articles were "several clear plastic packages" which were later discovered to contain marijuana and crack cocaine. The officer picked up a package and began pursuing the vehicle. During this pursuit, the defendant exited the car but was soon arrested, as were the other two occupants of the car.
We agree with the Attorney General in his argument that the defendant had no standing to object to the search at the skinhouse.
Officer Burch's mere presence in the skinhouse was not a search. Maryland v. Macon, 472 U.S. 463, 468-69, 105 S.Ct. 2778, 2781, 86 L.Ed.2d 370 (1985). "If a police officer has entered as would any member of the public, it is not a search for the officer to conduct himself therein as might be expected of any other person who would enter." W. LaFave, 1 Search and Seizure § 2.4(b) at 430 (2nd ed. 1987). "Quite clearly, the officer is `entitled to take note of objects in plain view.' He may also examine merchandise in the same fashion that a prospective customer could be expected to do." Id.
The defendant has made no showing that he had any standing to object to what occurred in the skinhouse. From the record:
"THE COURT: Is there any reasonable expectation of privacy in this place?
"MR. DEEN [Defense Counsel]: We don't know."
The defendant has failed to carry his burden of proving that he had a legitimate expectation of privacy in the skinhouse. Rawlings v. Kentucky, 448 U.S. 98, 104-05, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980); Collier v. State, 413 So.2d 396, 400 (Ala.Cr.App.1981), affirmed, Ex parte Collier, 413 So.2d 403 (Ala.1982). "Whether [the defendant] was legitimately on the premises is a relevant but not controlling or determinative factor in deciding one's expectation of privacy." Collier, 413 So.2d at 400; Ramires v. State, 492 So.2d 615, 619 (Ala.Cr.App.1985). Merely "[b]eing a frequent visitor to premises is not sufficient to bring into play the Fourth Amendment rights against unreasonable search and seizure." Grice v. State, 527 So.2d 784, 787 (Ala.Cr.App.1988).
The seizure of the packages of marijuana and cocaine discarded by the defendant was proper under the abandoned property exception to the general rule requiring a search warrant. Barrow v. State, 494 So.2d 834, 836 (Ala.Cr.App.1986); Mitchell v. State, 423 So.2d 904, 906 (Ala.Cr.App. 1982). Compare Harrell v. State, 475 So.2d 650 (Ala.Cr.App.1985), involving this same defendant.
"`In the law of search and seizure ... the question is whether the defendant has, in discarding the property, relinquished his reasonable expectation of privacy so that its seizure and search is reasonable within the limits of the Fourth Amendment. * * * In essence, what is abandoned is not necessarily the defendant's property, but his reasonable expectation of privacy therein.
"`Where the presence of the police is lawful and the discard occurs in a public place where the defendant cannot reasonably have any continued expectancy of privacy in the discarded property, the property will be deemed abandoned for purposes of search and seizure.' " W. LaFave, 1 Search and Seizure § 2.6(b) at 465, quoting from City of St. Paul v. Vaughn, 306 Minn. 337, 237 N.W.2d 365 (1975).

*261 III
The informant in this case was a mere "tipster" and was not a participant in the crime and did not provide probable cause for the arrest. Therefore, the State was not required to disclose his identity. Ex parte Pugh, 493 So.2d 393 (Ala.1986); Self v. State, 420 So.2d 798 (Ala.1982); Lightfoot v. State, 531 So.2d 57, 58-59 (Ala.Cr.App.1988). In Pugh, 493 So.2d at 397, the Alabama Supreme Court rejected the proposition that disclosure of the informant's identity is required when that identity is sought on the issue of probable cause and where the State has made no showing of probable cause apart from the informant's identification. "In Alabama, the question of disclosure or nondisclosure of a confidential police informant's identity for the purposes of challenging probable cause is a matter of discretion for the trial court." Pugh, 493 So.2d at 397. The case of Hannah v. State, 497 So.2d 837 (Ala.Cr. App.1986), relied on by the defendant, is hereby overruled to the extent that it conflicts with Pugh, supra.

IV
The defendant's motion for a mistrial was properly denied on two separate occasions.

A.
Officer Burch testified that he went to the skinhouse on the advice of an informant. Defense counsel objected and requested a mistrial. The trial judge sustained the objection but denied the mistrial. The judge then instructed the jury to disregard the officer's response and polled the jury to ensure that they could so do.
Contrary to the assertions of the defendant, we consider the actions of the trial judge sufficient to have cured any error in the officer's testimony. Burnett v. State, 453 So.2d 371, 372-73 (Ala.Cr.App.1984); Waldrop v. State, 424 So.2d 1345, 1350 (Ala.Cr.App.1982), cert. denied, Waldrop v. Alabama, 472 U.S. 1019, 105 S.Ct. 3483, 87 L.Ed.2d 618 (1985).

B.
The defendant's second request for a mistrial was prompted when the prosecutor asked defense witness Alex Ball, "Have you been with the Defendant when he's been selling drugs before?"
The trial judge sustained defense counsel's objection and stated, "It certainly assumed facts which are not in evidence." The trial judge then stated to the jury: "I don't know why the question was asked. There's no evidence of it. He's not on trial for anything like that, ladies and gentlemen. So I ask that you please disregard the question opposed [sic] by the prosecutor." There was no request by defense counsel for any additional remedial action.
"The trial judge is in a better position than an appellate court to determine whether the remark was so prejudicial as to be ineradicable. Moreover, there is a prima facie presumption against error where the trial court immediately charges the jury to disregard the prosecutor's improper remark." Wilson v. State, 428 So.2d 197, 200 (Ala.Cr.App.1983); Ex parte Jefferson, 473 So.2d 1110, 1115 (Ala.1985), cert. denied, Jefferson v. Alabama, 479 U.S. 922, 107 S.Ct. 328, 93 L.Ed.2d 300 (1986).

V
The prosecutor should not have been permitted to ask defense witness Alex Ball, "Have you ever been convicted of a felony or crime involving moral turpitude?" Such a question is improper. Agee v. State, 491 So.2d 1067, 1072 (Ala.Cr.App. 1986).
Ball responded that he had been convicted of theft and possession of cocaine. Theft is a crime involving moral turpitude, evidence of which is therefore admissible to impeach a witness. C. Gamble, McElroy's Alabama Evidence, § 145.01(9)(k) and (o) (3d ed. 1977). The issue of whether the felony possession of cocaine, not involving sale or distribution, is a crime involving moral turpitude for purposes of impeachment has not been decided in this state. See Ex parte McIntosh, 443 So.2d 1283, 1286 (Ala.1983) (felony possession of marijuana does not involve moral turpitude).
*262 However, the trial judge's error in overruling the objection was harmless because immediately before the prosecutor asked the question Ball had testified without objection that he was presently in jail for possession of cocaine. "It is not error to allow the same facts to be again shown against objection when they have already been proven without objection." Bush v. State, 282 Ala. 134, 139, 209 So.2d 416 (1968). In his final instructions to the jury, the trial judge did not charge on the principles of impeachment on conviction of a crime. Rule 45, A.R.A.P.

VI
The defendant was sentenced as a habitual offender under Alabama's Habitual Felony Offender Act. Because his offenses were committed after October 21, 1987, the effective date of the Drug Crimes Amendment Act of 1987, Ala.Code (1975), § 13A-12-210 et seq., he was not due to be punished as a repeat drug offender under the sentencing provisions of the Controlled Substances Act. Ex parte Chambers, 522 So.2d 313 (Ala.1987). See also Ex parte Brannon, 547 So.2d 68 (Ala.1989).
The failure to object at the trial court level to the adequacy of the notice given and the method of proving prior offenses under the Habitual Felony Offender Act, Rule 6(b)(3)(iii), A.R.Cr.P.Temp., precludes consideration of those issues on appeal. Nichols v. State, 480 So.2d 82, 85 (Ala.Cr.App.1985). Issues not raised at trial will not be considered on appeal. Jackson v. State, 502 So.2d 858, 865 (Ala.Cr. App.1986); Faircloth v. State, 471 So.2d 485, 493 (Ala.Cr.App.1984), affirmed, Ex parte Faircloth, 471 So.2d 493 (Ala.1985).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

ON REHEARING
BOWEN, Judge.
After our opinion on original submission had been issued and with regard to Part I of that opinion, Appellate counsel filed a motion to correct the record which was granted by the trial court.
The supplemental record shows that the prosecution used five of its eight peremptory challenges to remove blacks from the jury venire and that the jury was composed of seven whites and five blacks. The trial judge denied the Batson objection at a side bar conference held off the record after defense counsel argued his objection and the prosecutor explained the reasons for her peremptory strikes after the trial judge had absented himself from the proceedings.
Here, it is clear that the Batson-Branch objection was preserved and that the trial court did not comply with the mandate of Batson and Branch. The reasons given by the prosecutor for using his strikes to eliminate blacks must be facially race neutral and the trial judge must find them to be credible. Scales v. State, 539 So.2d 1074 (Ala.1988). Consequently, Harrell's application for rehearing is granted and this Court's affirmance of March 31, 1988, is hereby set aside. This cause is remanded with directions that a hearing be conducted in the presence of the trial judge to determine whether the guidelines of Batson, as interpreted by Branch, have been followed. The trial judge shall enter a written order of his findings of fact and conclusions of law. That order, along with a transcript of the hearing, shall be forwarded to this Court on return to remand.
OPINION EXTENDED; APPLICATION FOR REHEARING GRANTED; CAUSE REMANDED WITH DIRECTIONS.
All Judges concur.