The appellant, Clark Stephen Colbert, was indicted for the attempt to manufacture/distribute methylenediox-methamphetamine (ecstacy). The appellant was found guilty as charged in the indictment, and he was sentenced to 12 years' imprisonment. This appeal follows.
On May 17, 1990, Auburn University police officers Mike Hark and Bill Frodes went to 1102 Redbud Court, apartment 8, in Auburn, Alabama. The officers had received information from a reliable confidential informant that a clandestine drug laboratory had been set up at that apartment. Earle Cramer, the appellant's roommate, was present when the officers arrived, and he consented to a search of the apartment. During the search, Officer Hart observed a laboratory in the appellant's bedroom. Numerous chemicals, laboratory equipment, booklets, and handwritten notes were found. These items, along with three containers of liquid from the freezer compartment of the refrigerator, were seized. Taylor Noggle of the Department of Forensic Sciences examined the chemicals, notes, and liquid seized, and he testified that he had determined that 3, 4 methylenediox-methamphetamine (MDMA) or ecstacy was in the process of being manufactured.
 I
The appellant contends that the search of his apartment and the seizure of his possessions was in violation of theFourth Amendment of the United States Constitution; Art. I, § 5 of the Alabama Constitution of 1901; and the statutory laws of Alabama. Specifically, the appellant argues that searching his apartment without a search warrant was a violation of theFourth Amendment, and that the trial court erred in denying his motion to suppress the evidence seized as a result of the search.
A person may waive Fourth Amendment protection by consenting to a warrantless search. A search based on consent can be undertaken without a warrant or probable cause, and all evidence discovered during the consensual search may properly be admitted into evidence. United States v. Wright-Barker,784 F.2d 161, 176 (3d Cir. 1986).
Anyone with a reasonable expectation of privacy in the place being searched can consent to a warrantless search. UnitedStates v. Yarbrough, 852 F.2d 1522, 1533-34 (9th Cir.), cert. denied, 488 U.S. 866, 109 S.Ct. 171, 102 L.Ed.2d 140 (1988). Any person with common authority over, or other sufficient relationship to the place or effects searched can give valid consent. United States v. Bertram, 805 F.2d 1524, 1528 (11th Cir. 1986).
Here, the police officers received consent to search the apartment from the appellant's roommate, Earle Cramer. Cramer freely and voluntarily gave his consent to search the apartment. Mr. Cramer signed a form giving the officers consent to search the entire premises. Therefore, it is not necessary for the officers to procure a search warrant, and the evidence seized during the search was admissible against the appellant to the same extent that it would have been against Mr. Cramer.McLoyd v. State, 390 So.2d 1115, 1116 (Ala.Cr.App. 1980).
At the conclusion of the suppression hearing, the court made the following finding: *Page 1215 
 "I find that the police were validly on the common area of the premises and that under the — under the logic of the case of Horton v. California [496 U.S. 128], 110 S.Ct. 2301
[110 L.Ed.2d 112 (1990)] they had the right, then, to go ahead and look into the defendant's room. Some of the language of that case . . . says, 'The fact that an officer is interested in an item and fully expected to find it, should not invalidate its seizure, if the search is confined in area and duration by a warrant's term or by a valid exception to the warrant requirement.' In this particular case they have the permission of a tenant who actually signed on the lease or on that little card. The items were in view, that they had probable case to believe that they were connected with a drug lab. And, therefore, I rule that the search is valid." (R. 258-259.)
The trial court was correct in overruling the appellant's motion to suppress evidence of the contents of the apartment where the appellant was living with a cotenant who gave his consent to the search of the apartment.
 II
The appellant contends that the state failed to prove that he violated § 13A-12-211(a), Code of Alabama 1975. Specifically, he maintains that if he was guilty of attempting to manufacture MDMA, he was exempt from punishment because the state failed to prove that he was making the drug for anyone other than himself and that he had the requisite intent.
The appellant was indicted under § 13A-12-203, Code of Alabama 1975, which provides as follows:
 " § 13A-12-203. Attempt to commit controlled substance crime.
 "(a) A person is guilty of an attempt to commit a controlled substance crime if he engages in the conduct defined in section 13A-4-2(a), and the crime attempted is a controlled substance crime.
 "(b) The principles of liability and defenses for an attempt to commit a controlled substance crime are the same as those specified in sections 13A-4-2(b) through (c), and in section 13A-4-5.
 "(c) An attempt to commit a controlled substance crime shall be punished the same as the controlled substance crime are the same as the controlled substance crime attempted."
The appellant was indicted under this Code section because he was attempting to manufacture a controlled substance, 3, 4 methylenediox-methamphetamine (MDMA), also known as ecstacy.
Manufacture is defined by the former drug provision, §20-2-2(14), Code of Alabama 1975, as follows:
 "(14) MANUFACTURE. The production, preparation, propagation, compounding, conversion or processing of a controlled substance either directly or indirectly, by extraction from substances of natural origin or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling (or relabeling) of its container; except, that this term does not include the preparation or compounding of a controlled substance by an individual for his own use or the preparation, compounding, packaging or labeling of a controlled substance:
 "a. By a practitioner as an incident to his administering or dispensing of a controlled substance in the course of his professional practice; or
 "b. By a practitioner or by his authorized agent under his supervision for the purpose of or as an incident to research, teaching or chemical analysis and not for sale."
The appellant argues that, because he was not actually selling the drug to others, he could not be guilty. Here, the issue is not whether he had completed the crime of distribution of an illegal drug, but rather that he was attempting to manufacture MDMA.
Section 13A-4-2(a), Code of Alabama 1975, defines "attempt" as follows: "A person *Page 1216 
is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense."
Here, the facts reveal that the appellant was attempting to make MDMA. Mr. Taylor Noggle, with the Alabama Department of Forensic Sciences, testified that he did an analysis on all the chemicals found in the appellant's apartment and that he determined that the appellant was attempting to manufacture MDMA. He stated that the appellant had to complete one more step to the process to have 175 or 250 tablets of MDMA. The state sufficiently proved its case.
 III
The appellant contends that his right to a fair trial was denied because the trial court erred in allowing the state to withhold the identity of the confidential informant. On May 17, 1990, Auburn University police officer Mike Hart received a call that there was an illegal drug laboratory at 1102 Redbud Court, apartment 8. Detective Hart testified that his purpose for going to the apartment was "to go over and investigate to see what I saw at the apartment and ask for consent to search the apartment." That afternoon, Detective Hart and Detective Froden went to the apartment. Mr. Earle Cramer, the appellant's roommate, answered the door and gave both oral and written consent to a search of the apartment.
The informant in this case was a "tipster" and was not a participant in the crime; he did not provide probable cause for the arrest. Therefore, the state was not required to disclose his identity. Harrell v. State, 555 So.2d 257
(Ala.Cr.App. 1989); Ex parte Pugh, 493 So.2d 393 (Ala. 1986). "In Pugh, 493 So.2d at 397, the Alabama Supreme Court rejected the proposition that disclosure of the informant's identity is required when that identity is sought on the issue of probable cause and where the state has made no showing of probable cause apart from the informant's identification." Harrell,555 So.2d at 261.
Because the informant was a tipster and did not provide probable cause for arrest, the trial court did not err in allowing the state to withhold the identity of the informant.
 IV
The appellant contends that the trial court erred in excusing juror M.C. for religious purposes without a challenge for cause by either the prosecution or defense. A review of the record reveals that after the jury was selected but before it was sworn, juror M.C. informed the trial judge that he could not pass judgment on the appellant and that he believed only God had that power. The trial judge upon his own motion excused M.C. from jury service.
The matter of excusing jurors is left to the sound discretion of the trial judge. Burns v. State, 226 Ala. 117, 145 So. 436
(1932). It is well settled that the court may, for reasons which in the exercise of its discretion it deems sufficient, excuse jurors who have been summoned from serving. Biggs v.State, 20 Ala. App. 449, 103 So. 706, 707 (1924), cert. denied,Ex parte Biggs, 212 Ala. 628, 103 So. 707 (1925). This right is recognized by statute in Alabama:
 " § 12-16-63. Excusing prospective jurors from service.
 "(a) The court, upon request of a prospective juror or on its own initiative, shall determine on the basis of information provided on the juror qualification form or interview with the prospective juror or other competent evidence whether the prospective juror should be excused from jury service. The jury commission shall enter this determination on the juror qualification form and the master list.
 "(b) A person who is not disqualified for jury service may be excused from jury service by the court only upon a showing of undue hardship, extreme inconvenience or public necessity, for a period the court deems necessary, at the conclusion of which the person may be directed to reappear for jury service in accordance with the court's direction." *Page 1217 
Here, the trial judge did not abuse his discretion in excusing a juror whose religious beliefs prevented him from performing his duty as a juror. See Williams v. State, 241 Ala. 348,2 So.2d 423 (1941) (the court has a right to reject ex mero motu a juror who states that he could not convict on circumstantial evidence).
 V
The appellant contends that the trial court erred by admitting evidence of marijuana that was found in a pipe or "bong" because it was evidence of other crimes and was bad character evidence and therefore was not admissible.
The appellant made a motion in limine outside the presence of the jury to prohibit any references to a laboratory report that concerns an analysis of a pipe that was taken from the appellant's apartment. The report shows the presence of marijuana residue in the pipe. The appellant argued during his motion in limine that the evidence was inadmissible because it was evidence of other crimes and further, that it was not relevant to the case. The trial court denied the appellant's request to exclude the evidence and allowed it to go before the jury. During his argument on the motion in limine the appellant did not obtain the express acquiescence of the trial judge that an objection when the evidence was offered was unnecessary.
Here, the appellant failed to object to the evidence when it was proffered. The appellant did not object to the introduction of the evidence of marijuana found in the bong. Therefore, this issue is not preserved for our review.
This court, in Smith v. State, 585 So.2d 223
(Ala.Cr.App. 1991), addressed this same issue as follows:
 "When the evidence, which was the subject of the motion in limine, was proffered at trial, the appellant failed to object. An objection was necessary to preserve error because the trial court in no way foreclosed later discussion of the issue after denying the motion.
 " 'In Phillips v. State, 527 So.2d 154
(Ala. 1988), our Supreme Court held the following:
 " ' "It is the law 'that an appellant who suffers an adverse ruling on a motion to exclude evidence (or other matters, e.g., argument of counsel) made in limine, preserves this adverse ruling for post-judgment and appellate review only if he objects to the introduction of the proffered evidence or other matters and assigns specific grounds therefor at the time of trial, unless he has obtained express acquiescence of the trial judge that such subsequent objection to evidence proffered at trial and assignment of grounds therefor are not necessary. See C. Gamble, The Motion in Limine: A Pretrial Procedure That Has Come of Age, 33 Ala. L. Rev. 1 (1981).' Liberty National Life Ins Co. v. Beasley, 466 So.2d 935, 936 (Ala. 1985)."
" 'Id. at 156.
 " 'In the instant case, counsel failed not only to object at trial to the references of which he now complains, but also failed to obtain the express acquiescence of the court that would make an objection at trial unnecessary. This issue is therefore not preserved for appellate review.' "
 "Lee v. State, 562 So.2d 657, 665
(Ala.Cr.App. 1989)."
 VI
The appellant contends that much of the information contained in the presentence investigation report was "materially false." He argues that his due process rights were violated because the trial court relied on false statements contained in the presentence report in setting his sentence. The specific matters he maintains are false are: (1) the statement that the appellant made a bomb and placed it in a school; (2) a reference in the presentence report to "persons" describing the appellant to the probation officer as odd, dangerous, mean, and satanic; and (3) the results of a psychiatric examination that took place six years earlier. *Page 1218 
Although we question whether this issue is preserved for our review because the presentence report is not a part of the record and is only attached as an exhibit to the appellant's brief, after a review of the allegations, we find no error. SeeRoyer v. State, 542 So.2d 1301, 1303 (Ala.Cr.App. 1988) (exhibits attached to briefs are not part of the record and cannot be considered by this court).
As far as the appellant's first allegation, the trial judge states for the record that he did not consider the bomb incident in sentencing. Also, during extensive examination, the probation officer clarified the ambiguous term "persons" that he had allegedly used in the report. Finally, without having a copy of the report properly before us, we are not willing to conclude that the results of a psychiatric examination of the appellant conducted six years prior to the trial are irrelevant for sentencing purposes merely because of the passage of time.
For the foregoing reasons, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.