Clark Stephen Colbert was indicted for attempting to distribute 3,4 methylenediox-ymethamphetamine (otherwise known as "ecstacy" or "MDMA") by attempting to manufacture MDMA; the conviction was pursuant to Ala. Code 1975, §§ 13A-12-211(a) ("Unlawful distribution of controlled substances") and13A-12-203 ("Attempt to commit controlled substance crime"). At the close of the prosecution's case, Colbert moved for a judgment of acquittal, which the trial court denied. The jury returned a verdict against Colbert; the court entered a judgment of conviction and sentenced him to 12 years' imprisonment. Colbert appealed, maintaining among other things that "the prosecution failed as a matter of law to prove that [he] attempted to manufacture MDMA where the proof showed an attempt to manufacture MDMA for [his] own use and where the definition of manufacture [Ala. Code 1975, § 20-2-2(14)] specifically exempts from that definition 'the preparation or compounding of a controlled substance by an individual for his own use.' " (Emphasis added by Colbert.) The Court of Criminal Appeals affirmed, holding in part that the state sufficiently proved that Colbert was attempting to manufacture MDMA:
 "Here, the facts reveal that [Colbert] was attempting to make MDMA. [The forensic scientist], with the Alabama Department of Forensic Sciences, testified that he did an analysis on all the chemicals found in [Colbert's] apartment and that he determined that [Colbert] was attempting to manufacture MDMA. He stated that [Colbert] had to complete one more step to the process to have 175 or 250 tablets of MDMA. The state sufficiently proved its case."
615 So.2d 1213, 1216.
The Court of Criminal Appeals overruled Colbert's application for rehearing and denied his Rule 39(k), A.R.App.P., motion. Colbert filed a petition for the writ of certiorari, which we granted.
The dispositive issue before us is whether the trial court erred in denying Colbert's motion for judgment of acquittal on the ground that the state had failed to prove a prima facie case of attempting to manufacture MDMA. We must determine whether, under the facts of this case, the evidence was sufficient to create a reasonable inference from which the jury could have been convinced beyond a reasonable doubt of Colbert's guilt.
Section 13A-12-203(a) provides:
 "(a) A person is guilty of an attempt to commit a controlled substance crime if he engages in the conduct defined in section 13A-4-2(a) [which states that '[a] person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense'], and the crime attempted is a controlled substance crime."
Section 13A-12-211 provides:
 "(a) A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in schedules I through V.
 "(b) Unlawful distribution of controlled substances is a Class B felony."
(Emphasis added.) "Manufacture" is defined in § 20-2-2(14), as follows:
 "(14) MANUFACTURE. The production, preparation, propagation, compounding, conversion or processing of a *Page 1220 
 controlled substance either directly or indirectly, by extraction from substances of natural origin or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or labeling of its container; except, that this term does not include the preparation or compounding of a controlled substance by an individual for his own use. . . ."
(Emphasis added.)
Colbert does not maintain that the state failed to prove the existence of a process for preparing and compounding MDMA, but he argues that he could not be convicted, as a matter of law, because of the exemption in § 20-2-2(14) — the provision that the term "manufacture" as defined in that section "does not include the preparation . . . of a controlled substance for his own use." That is, he argues that even if he was preparing and compounding MDMA (a fact he does not concede), he was not guilty of attempting to "manufacture" MDMA because, he says, the state presented no evidence to prove that he intended to make the drug for anyone other than himself.
The state maintains that, in order to prove that Colbert was guilty of an "attempt" to "manufacture" MDMA, it was unnecessary to prove that the MDMA was intended for something other than Colbert's own personal use. Rather, it contends that the question as to the intended use of the drug would have been relevant only if Colbert had actually completed the process of making MDMA, but, it says, at this stage, with one step to go to complete the process, Colbert's intended use of the finished product would be pure "speculation." Rather, according to the state, it sufficiently proved Colbert's guilt based upon evidence of Colbert's "overt act[ions]" involved in making the drug; based upon the testimony of the forensic scientist, who conducted an analysis of all the drug-making paraphernalia and literature in Colbert's apartment and determined that Colbert was "attempting to manufacture MDMA"; and based upon the forensic scientist's testimony that Colbert had only one more step in the process before he could have made 175 to 250 tablets of MDMA. The state maintains that whether Colbert intended to make the drug for something other than his own use was a question for the jury, which, based on the facts, could have reasonably determined that Colbert was attempting to make MDMA for something other than his own use. We disagree.
To prove that Colbert was guilty of the crime of attempting to manufacture MDMA, the state had the burden of proving beyond a reasonable doubt that Colbert intended to manufacture and overtly acted toward manufacturing the drug — that is, that Colbert intended to and overtly acted to prepare and compound the drug for something other than his own use. The mere fact that the chemicals, the drug-making paraphernalia, and the drug-related literature necessary for such preparation and compounding were discovered in Colbert's apartment is insufficient, under the facts of this case, to prove that Colbert was attempting to "manufacture" the drug for other than his own use, as "manufacture" is defined in § 20-2-2(14). The fact that Colbert had only one more step in preparing and compounding the drug before he could have made "somewhere between 175 to 250 tablets of MDMA . . . from the quantity of chemicals which were present at the scene" is insufficient, under the facts of this case, to prove that Colbert was attempting to "manufacture" MDMA, as "manufacture" is defined in § 20-2-2(14). The state offered no evidence to establish what quantity, if any, would indicate that the preparation and compounding of a drug was for something other than one's own use; the state offered no evidence that Colbert had solicited sales or evidence of a sale for the drugs; and the state offered no evidence that Colbert had previously dealt in drugs or any evidence that he was going to deal in drugs in the future. Without more than the evidence that Colbert was involved in compounding and preparing MDMA, we hold that the evidence presented by the state was merely speculative as *Page 1221 
to whether Colbert was attempting to "manufacture" the drug — i.e., whether Colbert was attempting to prepare and compound the drug for something other than his own use.
Under the particular facts of this case, the evidence was insufficient to create a reasonable inference from which the jury could be convinced beyond a reasonable doubt of Colbert's guilt; therefore, the trial court erred in denying Colbert's motion for a judgment of acquittal. Thus, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.