The appellant, Jesse Mitchell, was indicted by the Grand Jury of Escambia County for the possession of marijuana. He entered a plea of not guilty, duly and legally waived trial by jury, and was tried before the Judge of the Circuit Court, found guilty of unlawful possession of marijuana, and sentenced to the county jail for a period of one year under the misdemeanor statute for possession of marijuana for personal use only. The appellant was granted unsupervised probation for one year. Appellant appeals to this Court.
The appellant was represented by counsel of his choice at all proceedings in the trial court, and is so represented in this Court.
The appellant contends in his brief that the trial court erred to appellant's prejudice when it overruled his motion to suppress the evidence in this case as it was secured by the search of defendant's person, or the search of personal property allegedly belonging to defendant, namely, a vinyl shaving kit, on the grounds that the search was illegal, and was made in violation of defendant's rights under the Fourth and Fourteenth Amendments of the United States Constitution, and in violation of defendant's rights under the Laws and Constitution of the State of Alabama.
State's evidence tended to prove that on January 31, 1980 Paul S. Webb, an Officer of Alabama Department of Conservation, was on duty at the T.R. Miller Wildlife Management Area in Escambia County, at about 6:50 A.M., when he observed a jeep containing four men drive up to the headquarters; that the quail season was in, and two of the men got out of the jeep and got permits to hunt quail; that Officer Webb noticed they had no quail dogs with them; that the hunting of quail without quail dogs caused Officer Webb to allow the jeep a three-minute head start, and Webb followed it; that it had rained hard the day before, and Webb had no trouble following the jeep, and found it stopped about one and three-quarter miles north of headquarters, and about fifty feet inside the Management Area; that Webb saw the appellant walking away from the jeep with a package in his hand, and he placed the package on the ground, and he appeared to pull some weeds over it, looked up and saw Officer Webb, at which time the appellant returned to the jeep, and got in on the passenger side; that then Officer Webb pulled up behind the jeep, got out of his vehicle, and asked the appellant for his driver's license; that the appellant had no driver's license; that Officer Webb went to the place where the appellant had placed the package on the ground, and found a brown plastic shaving kit, unzipped it, and found a chrome plated stacked barrel derringer, and two packages containing marijuana; that the place where the brown plastic shaving kit was found by Officer Webb was clear-cut, and the ground was almost as clear as the carpet in the courtroom; that Officer Webb saw nothing else around except the object he had seen the appellant place there; that Officer Webb asked appellant if it was his shaving kit, and that the appellant made no comment at all.
The appellant offered no evidence in support of his motion, nor did he testify at the trial.
The issue raised on this appeal is whether or not, under the facts shown in this record, the appellant's rights against unreasonable search and seizure under the Fourth and Fourteenth Amendment of the Constitution of the United States, and the *Page 906 
Laws and Constitution of the State of Alabama, have been violated. These constitutional rights are for the protection to persons who have a legitimate expectation of privacy from governmental invasion in the area searched. Collier v. State, Ala.Cr.App., 413 So.2d 396; Ex Parte Collier, Ala.,413 So.2d 403; United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547,65 L.Ed.2d 619. Under the undisputed evidence in this case the appellant, by placing the plastic shaving kit bag on the ground in the open woods on the reservation, and leaving it there, abandoned it. The search and seizure of abandoned property does not give rise to violation of constitutional rights. The appellant could have no legitimate expectancy of privacy when he left the kit in the open woods. We find no error in the court's overruling appellant's motion to suppress the evidence in this case. Jackson v. State, 45 Ala. App. 621, 235 So.2d 382;Hayes v. State, 44 Ala. App. 539, 215 So.2d 604; Skipper v.State, Ala.Cr.App., 387 So.2d 261; Certiorari Denied, Ala.,387 So.2d 268; Brown v. State, 48 Ala. App. 84, 261 So.2d 914;United States v. Salvucci, supra.
We have searched the record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 1343