Appellant, Clinton Earl Hall, was convicted of possession of pentazocine, a controlled substance, and sentenced to twenty years in the penitentiary. Three issues are raised on appeal, but only one merits our attention.
At the close of the State's case in chief, Hall moved to exclude State's evidence. This motion was denied, and Hall, in turn, claims on appeal that the State failed to establish a prima facie case.
On July 28, 1981, Henry Robinson, Jr. was arrested in connection with several residential burglaries. Based on information supplied by Robinson, Detective Jack Dove, Jr. executed a search warrant for Room 4, 1057 West Adams Street in Mobile, Alabama, allegedly the residence of Hall. The house at 1057 West Adams *Page 95 
Street was a rooming house in which several individuals rented rooms and shared a common hallway and bathroom. The individual rooms were ordinary bedrooms, approximately 8' x 12' in size with a closet. Room 4 was actually "rented" by Beula Mitchell, a female companion of Hall's, who paid weekly rent to the owner of the house.
When the warrant was served, Hall was in the common hallway but followed the officer into Room 4. Found in the room were two van loads of property, all of which was stolen. Some of the items recovered from the room were positively identified as items taken in burglaries to which Henry Robinson had confessed.
In addition to the stolen property, several items susceptible of being used as drug paraphernalia were found. Among those items were two syringes that appeared to contain the residue of human blood. It was later determined that there were traces of the drug pentazocine in the syringes.
Beula Mitchell was in the room at the time of the search and was arrested along with Hall. Hall was undressed when the search began, his street clothes were draped over a loveseat next to the bed in Room 4. Although it was never established that Hall had any other personal possessions in the room, some of the clothing in the closet looked like it could have been worn by a man.
Hall later gave a statement to Officer Dove in which there was a recital that he lived at 1057 West Adams Street in Room 4 and that he had no knowledge of the illegal drugs found in "his" room. On cross examination, Officer Dove admitted that he substantially altered the statement (Hall neither reads nor writes), in that Hall told him only that he stayed on Adams Street and that the use of possessive pronouns in connection with the room may or may not have been Hall's own words. Officer Dove also admitted that he knew he had to make out a case of constructive possession when he prepared the statement. The only other evidence connecting Hall to the premises was the testimony of Robinson, the burglar, who said that he would go "around on Adams Street" when he wanted to find Hall.
Since Hall had been indicted on several charges arising out of the incident and the indictment in the instant case was very specific, a motion in limine was made and granted which disallowed any comments or testimony as to prior occasions of drug use or other offenses. The State had hoped to show that Robinson took stolen items to Hall in exchange for drugs and that this had been done two days prior to the arrest. Although this offer of proof, taken outside the presence of the jury, was not allowed into evidence, the prosecutor did manage to get the fact that Robinson exchanged stolen property for drugs before the jury.
To establish a prima facie case of possession of narcotics, there must be actual or constructive possession and guilty knowledge. The Attorney General bases his arguments on the offer of proof that was never allowed into testimony and they are, therefore, useless. However, the totality of the circumstances indicates Hall stated he stayed on Adams Street, Robinson said that he went to Adams Street when he wanted Hall, Hall had at least one set of street clothes in the room, and Hall was present when the search was conducted. Therefore, the jury could have reasonably concluded that Hall shared dominion and control over the room with Beula Mitchell.
The existence of guilty knowledge can be based on circumstantial evidence. In this case, we have the following: Robinson traded stolen merchandise for drugs; merchandise connected with Robinson was found in the room shared by appellant and Mitchell; the room itself was small, 8' x 12', making it unlikely that Hall was unaware of what was in the room; two van loads of stolen merchandise was found in the room; several items apparently used as drug paraphernalia were found in the room; the two syringes containing traces of pentazocine were found in plain view on the headboard of the bed. We feel that the *Page 96 
jury could have reasonably inferred Hall's guilty knowledge based on these facts.
The judgment of the lower court is affirmed.
AFFIRMED.
All the Judges concur.