The appellant, Willie Earl Jones, alias "Earl the Pearl," was convicted of unlawfully possessing a controlled substance, in violation of § 13A-12-212, Code of Alabama 1975. He was sentenced to five years in the state penitentiary.
The evidence tended to show that in April 1988, Tommy Woodham, an informant for the Dale County Sheriff's Department, made plans with the appellant to go to Florida for the purpose of purchasing crack cocaine. Mr. Woodham contacted Butch Jones, a narcotics investigator with the sheriff's department, and told him about the plan. Investigator Jones instructed *Page 505 
Mr. Woodham to stop at a designated location in Dale County to use the bathroom on their return trip from Florida and that law enforcement officers would be hidden there waiting for them.
At approximately 1:00 p.m. on that same day, Mr. Woodham and the appellant left Dale County en route to Florida. Prior to this, Mr. Woodham and his car had been searched for the presence of contraband; no contraband was found. At approximately 3:00 p.m., the two men drove into the designated location. They both got out of the car and when they did officers came out of the bushes and identified themselves as being from the sheriff's department.
Mr. Woodham "froze" and did not move when the officers appeared. The appellant ran to the car, opened the passenger's door and tried to sit down in the car. Investigator Jones came up on the passenger's side of the car and Officer Nelson McLeod came up on the driver's side. Officer Jones saw a matchbox lying in the floorboard of the passenger's side of the car. The appellant had another matchbox in his hand and was trying to throw it out the driver's side window. Officer McLeod caught the appellant's hand in motion and retrieved the matchbox as it fell to the ground.
The matchboxes were confiscated. Investigator Jones discovered that both of them contained a crystal-like substance. At this point, the appellant was arrested. Mr. Joe Saloom, a forensic expert, determined that the substance inside each matchbox was indeed crack cocaine, having a total weight of 6.18 grams.
The appellant raises three issues on appeal.
 I
The appellant first contends that it was error to deny his challenges for cause as to several members of the jury venire who, he claims, indicated that they could not set aside their prejudices and judge the evidence fairly.
The relevant portion of the record reads as follows:
 "MR. KENNINGTON [defense counsel]: As you heard from the reading of the indictment in this case, is there anybody here that's so opposed to drugs that they don't feel they could listen to the case fairly?
"JURORS: (HANDS RAISED)
 "MR. KENNINGTON: Okay, Mr. Carroll and your name please.
"JUROR: Johnny Lewis.
"JUROR: Debbie Barrett.
"JUROR: Amelia Waters.
"MR. KENNINGTON: Yes ma'am?
"JUROR: Barbara Hamilton.
". . . .
 "MR. KENNINGTON: And those of you who said that you didn't think you could listen fairly to the evidence, this being a drug case, do you feel any prejudices you have with regard to drugs and that sort of thing? None of you feel you could put those prejudices aside?
"JURORS: No response.
". . . .
 "MR. EMERY [district attorney]: Your Honor, I just have one question. You were asked a question about prejudices and drugs and being fair and some of you indicated and responded to that question, and to clear that matter up I want to ask another question and see what the response is. Is there any one of you that can't presume that the defendant is innocent as a matter of law coming into this courtroom and then find him guilty for no other reason except the evidence submitted from the witness stand? And all of you promised to do that, listen to the evidence and decide this case on the evidence without any outside influences or prejudices? Is there any one of you that [has] a problem with that; that you can't decide this case on the evidence?
"JURORS: No response.
"MR. EMERY: We're satisfied, thank you.
 "(Whereupon, the following occurred at the Bench outside the hearing of the jury venire:
". . . . *Page 506 
 "MR. KENNINGTON: We're going to challenge the jurors that answered that they didn't think they could set aside their prejudices and listen to the evidence —
 "THE COURT: And was that in response to a question?
 "MR. KENNINGTON: Yes sir, there were about four or five of them.
 "THE COURT: With regard to a question you asked them concerning their belief and strong feelings concerning drugs?
"MR. KENNINGTON: Yes, sir.
 "MR. EMERY: The only thing they were asked was whether or not they could set aside their prejudices involving drugs, which would not —
 "THE COURT: Let me clear that up and see if we can clear that up without too much problem.
"(TO THE JURY VENIRE:)
 "THE COURT: Ladies and gentlemen of the jury, you have responded in various ways to a series of questions asked you both by the State and by the defense in this case. I'm going to tell you ahead of time that your responsibility and your oath as jurors when you held up your right hand and got sworn in was to true verdicts render according to the evidence, so help you God. Now, is there any one of you prospective jurors for this term of criminal jury court, and since it is criminal jury I'll tell you ahead of time, and you'll hear it time and time again, each defendant has a presumption of innocence which is in fact evidence that attends him throughout the trial until it is overcome by evidence from the witness stand, beyond a reasonable doubt and to a moral certainty, before he can be convicted of any crime. And this is true throughout the State of Alabama and I'm almost positive throughout the United States. Is there any one of you prospective jurors because of your prejudice or your bias and everyone gets biased and prejudiced sometime, who cannot listen to the evidence presented from the witness stand in any criminal case this week, especially this one where drugs were in fact involved as a charge, with those presumptions and with that in mind listen to all the evidence, listen to the charge as the Court gives it to you concerning the law of the case and true verdicts render according to that evidence and that law? If there is any one of you who could not do that, please raise your hand. I need to know that now.
"JURORS: No response.
"(OUTSIDE THE HEARING OF THE JURY:)
"THE COURT: I deny your motion."
In Martin v. State, 548 So.2d 488 (Ala.Cr.App. 1988), aff'd,548 So.2d 496 (Ala. 1989), cert. denied, ___ U.S. ___,110 S.Ct. 419, 107 L.Ed.2d 383, Judge Bowen wrote:
 "A trial judge's finding on whether or not a particular juror is biased 'is based upon determinations of demeanor and credibility that are peculiarly within a trial judge's province.' [Wainwright v. Witt, 469 U.S. 412, 105 S.Ct. 844, 855, 83 L.Ed.2d 841 (1985).]
 "That finding must be accorded proper deference on appeal. Id. 'A trial court's rulings on challenges for cause based on bias [are] entitled to great weight and will not be disturbed on appeal unless clearly shown to be an abuse of discretion.' Nobis v. State, 401 So.2d 191, 198
(Ala.Cr.App.), cert. denied, Ex parte Nobis, 401 So.2d 204 (Ala. 1981).
". . . .
 "A juror is not disqualified where he testifies on voir dire that he has an opinion which might bias his verdict, but that he could try the case and render a verdict according to the evidence. Strickland v. State, 151 Ala. 31, 44 So. 90, 92
(1907). See also Berard v. State, 486 So.2d 458, 461-62 (Ala.Cr.App. 1984), reversed on other grounds, 486 So.2d 476 (Ala. 1986); Beck v. State, 485 So.2d 1203, 1205 (Ala.Cr.App. 1984), affirmed, Ex parte Beck, 485 So.2d 1207 (Ala. 1985). See also Ex parte Grayson, 479 So.2d 76, 80 (Ala.), cert. denied, Grayson v. Alabama, *Page 507 474 U.S. 865, 106 S.Ct. 189, 88 L.Ed.2d 157 (1985)."
Martin, supra, 548 So.2d at 490, 491.
In the case at bar, the jurors in question all stated that they could base their verdict on the evidence presented at trial. They were thoroughly questioned on this issue and all of them indicated that they could render an honest and fair verdict. Thus, the trial court correctly denied the appellant's challenge for cause.
 II
The appellant's second contention is that the trial court erred in denying his motion to suppress; specifically, he contends that the cocaine in question was incorrectly seized because there was no search warrant, and because, he says, there was no probable cause. We must disagree.
The seizure of the matchbox which the appellant attempted to throw out the driver's side window was correct under the "abandoned property rule," since the appellant relinquished his control of the matchbox. Harrell v. State, 555 So.2d 257, 260
(Ala.Cr.App.), affirmed, 555 So.2d 263 (Ala. 1989); Barrow v.State, 494 So.2d 834, 836 (Ala.Cr.App. 1986); Mitchell v.State, 423 So.2d 904, 906 (Ala.Cr.App. 1982). In Harrell,supra, Judge Bowen, writing for this court, stated:
 " ' "In the law of search and seizure . . . the question is whether the defendant has, in discarding the property, relinquished his reasonable expectation of privacy so that its seizure and search is reasonable within the limits of the Fourth Amendment. * * * In essence, what is abandoned is not necessarily the defendant's property, but his reasonable expectation of privacy therein.
 " ' "Where the presence of the police is lawful and the discard occurs in a public place where the defendant cannot reasonably have any continued expectation of privacy in the discarded property, the property will be deemed abandoned for purposes of search and seizure." ' W. LaFave, 1 Search and Seizure § 2.6(b) at 465, quoting from City of St. Paul v. Vaughn, 306 Minn. 337, 237 N.W.2d 365
(1975)."
Harrell, supra, 555 So.2d at 260.
Upon discovering that the abandoned matchbox contained crack cocaine, the police officers then had probable cause to believe that the matchbox lying in the floorboard of the passenger's side of the car also contained crack cocaine. "The inference that like containers [hold] like substances, and that defendant was aware of the contents of both . . . was a reasonable one under the circumstances." Beggs v. State, 568 So.2d 377
(Ala.Cr.App. 1990). Thus, the seizure of this matchbox was likewise correct.
 III
The appellant's final contention is that the trial court erred in its denial of his motion for judgment of acquittal because the incriminating evidence adduced at trial was merely circumstantial in nature.
In Dooley v. State, [Ms. 5 Div. 667, June 15, 1990] (Ala.Cr.App. 1990), this court wrote:
 "It is well established that in order for the State to make a prima facie case of possession of a controlled substance, the State must prove that the defendant had actual or constructive possession. Perry v. State, 534 So.2d 1126
(Ala.Cr.App. 1988); Hall v. State, 455 So.2d 94
(Ala.Cr.App. 1984). Furthermore, it must be proven beyond a reasonable doubt that the defendant had knowledge of the presence of the controlled substance. Yarbrough v. State, 405 So.2d 721
(Ala.Cr.App. 1981). A defendant's knowledge of the presence of a controlled substance may be shown by circumstantial evidence. Korreckt v. State, 507 So.2d 558 (Ala.Cr.App. 1986); Temple v. State, 366 So.2d 740 (Ala.Cr.App. 1978).
 "It must be noted that the mere fact that evidence is of a circumstantial nature does not make it deficient; circumstantial evidence should be given the same weight as direct evidence, provided it points to the guilt of the accused. Linzy v. State, 455 So.2d 260 (Ala.Cr.App. 1984). Further, such evidence *Page 508 
should be reviewed by this court in the light most favorable to the State, Bass v. State, 55 Ala. App. 88, 313 So.2d 208 (1975), and our judgment should not be substituted for that of the jury. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979)."
Dooley v. State, slip op. at _____.
Under the principles set out above, we find that the trial court did not err in denying the appellant's motion for judgment of acquittal.
The appellant received a fair trial. Accordingly, his conviction and sentence are due to be, and they are hereby, affirmed.
AFFIRMED.
All the Judges concur.