ROBERT P. BRADLEY, Retired Appellate Judge.
This case involves the condemnation of a vehicle pursuant to § 20-2-93, Code 1975.
In October 1990 Harry Lee Bracey was arrested for trafficking in marijuana and was subsequently convicted of this offense. The State then filed a complaint for condemnation and forfeiture of Bracey’s vehicle, which was used to transport the marijuana that was confiscated.
In February 1990 a trial was held on the State’s complaint. Prior to trial, Bracey filed a motion to suppress certain evidence and this motion was denied by the court. Bracey later filed a motion for judgment on the evidence, in which he alleged that the evidence presented was gleaned from an illegal search and seizure. This motion was also denied. Following the ore tenus proceeding, the trial court entered an order *96 for the forfeiture of the vehicle to the State.
Bracey filed a motion to alter, amend, or vacate the judgment, or in the alternative, for a new trial. The motion was denied and this appeal followed.
The record reveals these facts surrounding Bracey’s arrest and conviction: On October 2, 1990 a deputy of the Lauderdale County Sheriffs Office responded to a report of domestic disturbance at Bracey’s house trailer. He was met at the trailer by two other officers, each in separate police cars. Upon arriving, the deputy noticed a white pickup truck parked in Bracey’s yard. Bracey came out to meet the officers and appeared to be very intoxicated.
After the domestic situation between Bracey and his common-law wife was assessed, the wife went with one of the officers to file a report at the police station. The other two officers left the scene in their respective cars. The officers were sitting in an intersection a few minutes later when a white truck passed them, traveling at a very high speed. During the chase, the officers noted a large box in the back of the vehicle.
After the officers gave chase and pulled the truck over, they discovered that the driver was Bracey. Bracey then sped away suddenly and the officers chased him again, until he veered off the road into an overgrown field. There, he drove deeply into some high vegetation and turned off his headlights.
The officers did not follow Bracey into the vegetation because they feared he might be armed. Instead, they radioed for backup deputies and a canine investigator. While they waited for the backup help, the officers heard the sound of metallic scraping and bumping coming from the field. When the backup officers arrived, all of them went into the field. The truck had been abandoned by Bracey, who was hiding some 150 feet away. The large box that the officers had noticed earlier was missing from the truck.
While searching for Bracey, the officers discovered the box, hidden under some thick weeds. The box was subsequently opened and found to be full of marijuana packaged for sale. Bracey was then arrested for trafficking in marijuana.
After checking the truck’s license plates, the officers found that it was registered to Michael and Jean Gruber. At trial, it was established that Bracey had bought the truck from the Grubers, but that he still owed several thousand dollars for it. The Grubers claimed a security interest in the truck but did not file for such, and could produce no documentation to verify their claim. The truck was ultimately forfeited to the State pursuant to the trial court’s order.
Bracey’s main argument centers on the constitutionality of the officer’s search and seizure of the box containing the marijuana. Bracey points out that the search was made without a warrant and alleges that the officers did not have probable cause to justify the seizure and opening of the box.
Fourth Amendment protection from search and seizure applies to persons who have a legitimate expectation of privacy from governmental invasion into the area searched. United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). However, an individual may not legitimately demand privacy for activities conducted out of doors in fields, except in the area within curtilage of the defendant’s home. Oliver v. United States, 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984). In open fields the Fourth Amendment is inapplicable, and noncompliance with its dictates is immaterial. Maddox v. State, 502 So.2d 779 (Ala.Crim.App.1985).
In Mitchell v. State, 423 So.2d 904 (Ala.Crim.App.1982), a defendant was indicted for possession of marijuana after a police officer saw him hide a shaving kit in the weeds of an open field, then attempt to drive away. The police officer detained the defendant and seized the shaving kit. Upon opening it, he found that it contained marijuana and arrested the defendant, who was subsequently convicted. On appeal, the defendant challenged the constitutionality of the police officer’s warrantless seizure of the shaving kit. The Alabama *97 Court of Criminal Appeals held that by placing the kit on the ground in an open field and leaving it there, the defendant had abandoned it and therefore had no legitimate expectation of privacy that would give rise to Fourth Amendment protection.
In this case, it is uncontroverted that Bracey attempted to conceal the box full of marijuana in the overgrown field and then abandoned it in order to hide from the police that were searching for him. The field was not within the curtilage of Bracey’s home. Under the open fields doctrine, Bracey’s actions could not invoke the protection of the Fourth Amendment. His allegations of constitutional error are thus without merit.
Bracey next argues that the trial court’s judgment against him was unsupported by the substantial evidence.
The evidence presented at trial established that Bracey owned the truck that he used to transport the box of marijuana into its place of concealment in the open field. Under § 20-2-93(a)(5), Code 1975, vehicles which are used and are intended to be used for the transportation, sale, receipt, possession, or concealment of controlled substances are subject to forfeiture to the State. There is no error here. The judgment of forfeiture is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.