MONTIEL, Judge.
The appellant, Willie J. Grubbs, was indicted in a three-count indictment charging two counts of possession and one count of distribution of a controlled substance, cocaine, in violation of § 13A-12-212 and § 13A-12-211, Code of Alabama 1975. The appellant was convicted of two offenses of possession of cocaine, as charged in the indictment. The jury failed to reach a decision as to the third count of distribution of a controlled substance, and the trial court declared a mistrial as to that count. The appellant was sentenced to three years in the state penitentiary on each charge, with the sentences to run concurrently.
On November 30, 1990, Bob Williamson of the Pike County Sheriff’s Department was working surveillance in Brundidge, Alabama. While conducting surveillance in the area around Conio Frazier’s house, Williamson observed a black and silver van drive by. Later that evening, he saw the same van parked outside of the appellant’s house. Williamson testified that he conducted further surveillance activities around a club known as The Club Lounge and then rode back by the Frazier house. The black and silver van was parked in Frazier’s yard. Williamson observed a black male sitting in the driver’s seat of the van and another black male sitting in the passenger seat. Several other black males were standing in front of the van. Williamson noticed that one man would get out *499 of the van and another man would get in. Each man would remain in the van for no more than one minute. Williamson further testified that he observed the men at the scene “exchanging hand motions” with each other. He acknowledged that this type of activity was consistent with other drug-related activities.
Williamson radioed law enforcement officers David Johnson and Eddie Pennington for backup, and when they arrived, he proceeded to drive up to the rear of the van. Officer Johnson ran to the driver’s side of the van. Williamson and other witnesses testified that at that moment, the driver threw a plastic bag out the window. This bag was recovered and a laboratory analysis determined the bag to contain cocaine. The appellant had been sitting in the driver’s seat of the van.
An inventory search of the van that the appellant was driving produced a vial of pressed material and two revolvers. Over $1,000 was also found on the appellant’s person.
Several weeks later, on January 4, 1991, Officer Williamson was sitting in the backyard of Conio Frazier’s residence waiting to execute a search warrant for the Frazier house. Williamson testified that he was waiting for some of the people in Frazier’s yard to leave before executing the warrant. Williamson stated that he saw the appellant drive up and walk over to a black female who was sitting in her parked automobile. Williamson observed the appellant leaning over to the passenger window and exchanging hand motions with the woman. At this time, someone shouted, “Police,” and the appellant was seen leaving the woman’s car and running away. Williamson testified that he chased the appellant and that the appellant threw down his hat and jacket. The appellant’s jacket was recovered by officers and a broken pill bottle and crack cocaine were found in the jacket.
I
The appellant first contends that the trial court improperly denied his motion to suppress the cocaine that was recovered by law enforcement officers on November 30,1990. Specifically, the appellant argues that there was not sufficient probable cause to search the appellant and his vehicle for drugs, thereby making the cocaine the product of an illegal search.
The appellant states that there was no evidence presented at trial that would indicate that he had committed a crime or was committing a crime before his van was surrounded by law enforcement officers. However, the State contends that the appellant was sitting in his van at a known “hangout for drug users and ... sellers.” Moreover, the law enforcement officers observed certain activities that were consistent with drug transactions. The officers noticed several men getting in and out of the appellant’s van, each man remaining in the van for no longer than one minute. During this activity, the officers observed certain hand motions exchanged by the men. Trial testimony indicated that both activities were characteristic of drug dealers. These activities alone were sufficient to permit the officers to question and investigate, based upon reasonable suspicion of criminal activity. “Probable cause is not necessary to stop a person for questioning or investigative detention; the officer need only be able to articulate specific facts and inferences that lead to a reasonable suspicion of criminal activity.” Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968).
Probable cause arose in this case when the appellant threw the cocaine out the window. Based on this act, the officers were justified in concluding that an offense had been or was being committed. “An officer has probable cause to conduct a search if a reasonable prudent person, based on the facts and circumstances which the officer knows, would be justified in concluding that the items sought are connected with criminal activity and that they will be found in the place to be searched.” Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983); Gord v. State, 475 So.2d 900, 902-03 (Ala.Crim.App.1985). Furthermore, this court has stated that “in determining whether there is probable cause to arrest, it is not necessary that *500 the officer have before him evidence that would support a conviction for the offense. He need only have facts and circumstances within his knowledge which are reasonably trustworthy and which would lead a prudent man to believe that the accused had committed or was committing an offense.” Nance v. State, 424 So.2d 1358, 1362 (Ala.Crim.App.1982).
In his oral order denying the appellant’s motion to suppress as to the first offense, the trial judge found that this was a situation where law enforcement officers had observed suspicious activities. These activities had been observed previously by the officers and tended to indicate that illegal drug activity was going on. We feel the circumstances of this case would lead a reasonably prudent person to believe that an offense was being committed. As to the first offense, the law enforcement officers had probable cause to search the appellant and his van. There was no illegal search and seizure. The trial court did not err in denying the appellant’s motion to suppress.
II
Next, the appellant contends that the property seized in the first offense did not constitute abandoned property and was therefore due to be suppressed. Specifically, the appellant argues that the fact that a suspect drops an object does not automatically justify the arrest that follows. Furthermore, the appellant also contends that even if the object is recognized as abandoned property, its seizure was unlawful because, he argues, the arrest was unlawful.
On the night of November 30, 1990, as law enforcement officers approached the appellant’s van, the appellant threw a plastic bag from the van. The bag was seized by officers and after examination by the forensics laboratory, its contents were determined to be cocaine. It is clear by the appellant’s action that he abandoned the bag of cocaine. This court has stated previously that “the search and seizure of abandoned property does not give rise to violation of constitutional rights.” Mitchell v. State, 423 So.2d 904, 906 (Ala.Crim.App.1982).
Furthermore, we have already determined that the search of the appellant and his van was legal. The abandoned cocaine cannot be said to be the fruit of an illegal search. The seizure of the abandoned cocaine was not illegal. Therefore, the trial court did not err in denying the appellant’s motion to suppress.
III
Next, the appellant contends that the remark made by law enforcement officer Bob Williamson that the appellant was a known “drug pusher” was highly prejudicial and constituted reversible error. During Williamson’s testimony at trial, he referred to the appellant’s van as belonging to a “known drug pusher.” The appellant objected, contending that there was no evidence that the appellant was a drug pusher. The trial court overruled the appellant’s objection.
In the instant case, by the time the appellant objected, the answer to the State’s question had already been given. The appellant failed to move to exclude, which prevented this issue from being preserved for appellate review. “After a question is asked and a responsive answer is given, an objection comes too late and the trial court will not be put in error absent a motion to exclude and an adverse ruling thereon.” Hunt v. State, 453 So.2d 1083, 1086 (Ala.Crim.App.1984); Breedlove v. State, 482 So.2d 1277, 1282 (Ala.Crim.App.1985). Thus, it is unnecessary for this court to reach the merits of this issue.
IV
The appellant also argues that his jacket, which was seized by law enforcement officers, did not constitute abandoned property, thus making the officer’s search of the jacket unlawful. Specifically, the appellant contends that the trial court erred when it denied his motion to suppress the cocaine found in the jacket pocket.
On January 4, 1991, law enforcement officers were preparing to execute a search *501 warrant for Conio Frazier’s residence. While the officers waited to execute the warrant, the appellant was warned that the police were present. The appellant took off running, throwing his hat and his jacket on the ground. The officers recovered the jacket and found crack cocaine inside the jacket. Clearly, the appellant abandoned the jacket. He surrendered any privacy right when he threw the jacket down. As stated in Mitchell “the search and seizure of abandoned property does not give rise to a violation of constitutional rights.” 423 So.2d at 906. The search and seizure of the appellant’s jacket was not a violation of the appellant’s constitutional rights, and the court’s denial of the appellant’s motion to suppress was correct.
V
Finally, the appellant argues that the trial court erred in denying the appellant’s motion to suppress because, he argues, the evidence introduced against him was gathered as a result of illegal police action. Specifically, the appellant contends that the search warrant issued to law enforcement officers was insufficient to permit the search and seizure of the appellant’s jacket. Furthermore, the appellant contends that there was insufficient probable cause to believe that he was involved in criminal activity on January 4, 1991.
The search warrant in question clearly directed officers to search the residence of Conio Frazier, located in Brundidge, Alabama, and the “person of a middle-aged, heavy-set, bearded black male wearing blue pants and a brown sweater” for a controlled substance. It is true that the appellant was not named on the search warrant. However, we need not address this issue. As officers were preparing to execute the search warrant, they observed the appellant leaning over the passenger window of a black female’s car. The appellant was observed exchanging hand motions with the woman. When the appellant was notified that the police were in the area, he left the woman’s car and began running away. As he was running, the appellant threw down his hat and jacket.
In light of the activities from the November 30, 1990, offense, and the suspicious actions of the appellant on the night of January 4, 1991, the officers had probable cause to believe that the appellant was involved in criminal activity. Based on Illinois v. Gates, the officers were acting reasonably and were justified in concluding that the items for which they were searching would be found. Additionally, we quote again from Nance, “[T]he officer ... need only have facts and circumstances within his knowledge which are reasonably trustworthy and which would lead a prudent man to believe that the accused had committed or was committing an offense.” 424 So.2d at 1362. The trial court was correct in denying the appellant’s motion to suppress. It is unnecessary to determine whether the search warrant was sufficient. The officers had sufficient probable cause to search and seize the appellant’s jacket.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.