[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 304 
Clint Coslett was indicted for possession of cocaine, in violation of § 13A-12-212, Code of Alabama 1975, and for possession of marijuana for personal use, in violation of §13A-12-213, Code of Alabama. The jury found the appellant guilty as charged in the indictment. The trial court sentenced Coslett as a habitual offender to 11 years in prison on the cocaine conviction and 12 months in the county jail on the marijuana conviction.
The evidence in this case tended to show the following. On January 17, 1992, Dale County law enforcement officials received a telephone call from a confidential informant telling them that two white males in a two-door, red Nissan Sentra were attempting to buy crack cocaine in an area of Ozark known as "the block." Police spotted the car in the area and followed it for about two blocks before turning on the blue lights. The Nissan pulled into the right-hand lane, but then sped up. The police followed the car, which was going about 65 or 70 miles per hour, and called for a marked patrol unit to block the car's path. As the Nissan approached the marked police car, the Nissan slowed, pulled far to the right, and drove over the curb and around the police car. While they were in pursuit, two law enforcement officials observed the passenger, Robert Nations, toss a plastic bag and a medicine bottle from the car.
The Nissan finally was blocked into a parking lot, where it pulled into a parking place. Police blocked the car and got Coslett, who had been driving, and Nations out of the car. Two officers then searched the Nissan and found three partially burned marijuana cigarettes in the car's ashtray and a pack of rolling papers in the console. A sheriff's deputy retraced the route to where he had seen the passenger throwing objects from the car, and recovered a medicine bottle containing residue, a plastic sandwich bag containing residue, and another plastic bag containing marijuana. The residue was tested and determined to be cocaine, according to the testimony of David Thorne of the Alabama Department of Forensic Sciences.
Nations testified that he and Coslett had picked pecans all day, then Coslett decided to go to "the block" and get crack cocaine. Nations said Coslett needed a ride, so Nations let him drive Nation's sister's car. Once they got to the block, Nations said, a black man got in the car and sold Coslett "a couple of rocks." He admitted that the marijuana in the plastic bag was his; he testified that he had it down in his pants, but Coslett knew he had it. He also said the partially burned marijuana cigarettes found in the car were both his and Coslett's. Nations said that when the police started following them, Coslett told him to "[g]et everything out and throw it out the window." Nations was tried in a separate case and convicted of possession of marijuana and possession of cocaine.
 I
Coslett contends the trial court erred in denying his motion to exclude evidence because, he argues, the evidence he was seeking to exclude was the fruit of an illegal search and seizure. Specifically, he argues, police had no probable cause to stop the car Coslett was driving.
After being tipped by the confidential informant, police began following the car Coslett was driving. Two law enforcement officials observed the passenger throwing objects from the car. After the chase, a sheriff's deputy returned to the area where the passenger had thrown objects and recovered a plastic bag containing marijuana, a plastic bag containing residue, and a medicine bottle containing residue.
The medicine bottle and the two plastic bags were "abandoned" when they were tossed out the car window; thus those items *Page 305 
were properly seized under the "abandoned property rule."Atwell v. State, 594 So.2d 202, 209 (Ala.Crim.App. 1991) cert. denied, Inabinett v. State, 594 So.2d 214 (Ala. 1992);Jones v. State, 572 So.2d 504, 507 (Ala.Crim.App. 1990). InJones, this Court stated the rationale behind the rule:
 " ' " 'In the law of search and seizure . . . the question is whether the defendant has, in discarding the property, relinquished his reasonable expectation of privacy so that its seizure and search is reasonable within the limits of the Fourth Amendment. . . . In essence, what is abandoned is not necessarily the defendant's property, but his reasonable expectation of privacy therein.
 " ' " 'Where the presence of the police is lawful and the discard occurs in a public place where the defendant cannot reasonably have any continued expectation of privacy in the discarded property, the property will be deemed abandoned for purposes of search and seizure.' " ' "
572 So.2d at 507 (quoting Harrell v. State, 555 So.2d 257, 260
(Ala.Crim.App.), aff'd, 555 So.2d 263 (Ala. 1989) (quoting other cases).
Abandonment as a result of illegal police conduct, however, is not a voluntary abandonment for search and seizure purposes.Atwell v. State, 594 So.2d at 209. However, we hold there was no illegal police conduct in this case.
Investigatory stops may be conducted by police on the basis of reasonable suspicion of wrongdoing, Terry v. Ohio,392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion "is a less demanding standard than probable cause," in part because it "can arise from information that is less reliable than that required to show probable cause." Alabama v. White,496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). Information from an informant can provide reasonable suspicion to support a legal investigatory stop, even if the informant is anonymous. Id.
In Atwell, supra, this Court held that the sheriff's deputies had reasonable suspicion to stop a truck based solely upon information provided by a confidential informant. In that case, the informant, who had provided reliable information in the past, called a deputy and told him that the driver of a white Chevrolet pickup truck with an aluminum boat in the bed of the truck would be in possession of about five pounds of marijuana. The informant also told the deputy in what area the truck would be. He said this information had come from someone else who got marijuana from the truck's driver. The informant provided no further information. The deputy conveyed this information to another deputy, who found the truck in the area where the informant had said it would be and began following the truck. The deputy then tried to stop the truck by turning on his blue lights, but the truck sped up while objects were being thrown from the windows.
The facts in this case are similar to those inAtwell. Here, an informant who had been used in the past told a sheriff's deputy that two white men in a two-door red Nissan Sentra were attempting to buy crack cocaine, and told the deputy the area where the Nissan could be found. The deputy spotted the car in the area where the informant said it would be, then followed it a few blocks before trying to pull it over. As in Atwell, the Nissan sped up and objects were thrown from the car window. We hold that the informant's tip provided reasonable suspicion for law enforcement officials to stop the Nissan for an investigatory stop. See Atwell, supra. When the car sped up and law enforcement officials saw the passenger throw objects from the car window, reasonable suspicion was elevated to probable cause to arrest the appellant and the passenger. Atwell v. State, 594 So.2d at 211; Grubbs v. State,602 So.2d 498, 499 (Ala.Crim.App. 1992) (probable cause arose when the appellant threw cocaine out the window); Walters v.State, 585 So.2d 206, 209 (Ala.Crim.App. 1991) (furtive gestures may be taken into account in determining whether probable cause exists). Because law enforcement officials had probable cause to arrest Coslett and Nations, they were free to search the passenger compartment of the Nissan incident to that arrest. Jones v. State, 432 So.2d 19, 21 (Ala.Crim.App. 1983). Therefore, the partially burned marijuana cigarettes were properly seized as a result of a legal search of the car. *Page 306 
As noted earlier, the plastic bag of marijuana, the plastic bag containing cocaine residue, and the medicine bottle containing cocaine residue were properly seized under the abandoned property rule. We hold, therefore, that the evidence obtained in this case was properly admitted by the trial court.
 II
The appellant also contends that there was insufficient evidence to support his convictions for possession of cocaine and for possession of marijuana for personal use. He argues that, as to the cocaine charge, because only cocaine residue was found in the medicine bottle and in one of the plastic sandwich bags, there was no cocaine to offer into evidence, and, therefore, there was insufficient evidence to sustain his conviction on that charge.
The appellant acknowledges that the quantity of drugs possessed is immaterial in sustaining a possession conviction. In Walters v. State, 585 So.2d 206 (Ala.Crim.App. 1991), this Court held there was sufficient evidence to sustain the appellant's conviction for possession of cocaine where evidence before the jury consisted of a razor blade with cocaine residue and a plastic sandwich bag containing an amount of white residue so minuscule that the residue could not be tested. Someone who was with the appellant testified that he swallowed a cellophane bag when the appellant handed it to him, but said that he did not know what was inside.
In this case, the residue in the medicine bottle and in one of the plastic bags was tested and determined to be cocaine. In addition, Nations testified that he was with Coslett when Coslett bought the crack cocaine, and that Nations had thrown the cocaine out as the police were chasing them.
Also required to sustain a conviction of possession of a controlled substance is evidence to establish that the accused was in either actual or constructive possession of the substance and that he knew of the presence of the substance.Jones v. State, 572 So.2d 504 (Ala.Crim.App. 1990). "Constructive possession can be shown where the controlled substance was found on the premises controlled by the defendant, and guilty knowledge may be established by the surrounding facts and circumstances." Ward v. State,484 So.2d 536, 537 (Ala.Crim.App. 1985). "The driver of an automobile is generally considered to be in control of it. An inference of constructive possession, therefore, exists." Ward, supra at 537-38.
In this case, there is no question that Coslett was driving the car and that Nations was the passenger. The fact that Coslett was driving and that he tried to evade the police until the drugs had been thrown from the car goes to show his guilty knowledge. In addition, Nations testified that he witnessed Coslett purchase the crack cocaine, and that, although the marijuana belonged to Nations, he knew Coslett was aware that he had a bag of marijuana in his pants because they had discussed it before going to "the block." Nations also said the partially burned marijuana cigarettes found in the car ashtray belonged to both Coslett and himself.
"When the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown, along with any other incriminating evidence, the issue of the defendant's guilt should be submitted to the jury." Radke v. State, 292 Ala. 290, 292,293 So.2d 314, 316 (1974). This Court will not set aside a conviction on the grounds of insufficiency of the evidence unless " 'allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it was wrong and unjust.' " Walters v. State, 585 So.2d 206, 210
(Ala.Crim.App. 1991) (quoting Johnson v. State,378 So.2d 1164, 1169 (Ala.Crim.App.), cert. quashed, 378 So.2d 1173
(Ala. 1979). The evidence in this case was sufficient to support Coslett's conviction for possession of cocaine and for possession of marijuana for personal use.
 III
Coslett's final contention in his brief is that the trial court erred in denying his requested jury charge that mere knowledge of the presence of drugs in someone else's *Page 307 
possession without any showing of any other connection of the drugs to the defendant shall not be sufficient evidence upon which to convict the defendant.
As to the denial of the requested jury charge, however, as the State points out, the trial court did instruct the jury as follows: "Mere presence of the defendant is not sufficient to establish constructive possession of drugs. Other facts and circumstances must be involved to establish guilty knowledge of illegal substances at a location where the defendant may be present." "The refusal of a requested written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge or in other charges given at the request of the parties." Rule 21.1, A.R.Cr.P. In its charge to the jury, the trial court in this case gave substantially the same rule of law as stated in the appellant's requested charge; therefore, the trial court did not err in refusing the charge.
The judgment is due to be affirmed.
AFFIRMED.
All the Judges concur.